**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

December 21, 2017

John P. DiNoia
39 Village Drive
Hamburg, New Jersey 07419
*Pro Se Plaintiff*

Sandra Calvert Nathans, Esq.
Schenck, Price, Smith & King, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: *DiNoia et al., v. Yahm et al.*
Civil Action No. 15-cv-08768 (SDW) (LDW)

Counsel:

Before this Court is Defendants Sussex County Division of Social Services, Carol Novrit ("Novrit"), Christina (GiGi) Hein ("Hein"), and Alissa Cecchini's (aka Alissa Jiroux) ("Cecchini") (collectively "Defendants") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

The Court has jurisdiction over this action pursuant to 28 U.S.C § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. The Court having considered the parties' submissions, noting that Plaintiff partially opposed Defendants' motion,[1] and for the reasons discussed below, **GRANTS** Defendants' Motion for Summary Judgment.

---

[1] Plaintiff sought leave to fully oppose Defendants' Motion for Summary Judgement, but failed to timely file his full opposition. Thus, the Court considers his partial opposition. (ECF No. 50-4.)

## DISCUSSION

### A. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23. In deciding the merits of a party's motion for summary judgment, the Court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

### B. Standing as to Sally DiNoia's Claims

Before this Court can address the merits of Plaintiff's claims, it must first, determine whether the Court has jurisdiction to hear his claims. "Typically, district courts should presume that they lack jurisdiction unless the contrary appears affirmatively on the record." *Danvers Motor Co. v. Ford Motor Co.*, 186 F. Supp. 2d 530, 535 (D.N.J. 2002). Article III of the United States Constitution "limits the jurisdiction of federal courts to actual 'cases' or 'controversies.'" *Kausar v. GC Servs. Ltd. P'ship*, No. 15-6027, 2017 U.S. Dist. LEXIS 184865, at *2 (D.N.J. Nov. 8, 2017). Included in Article III case or controversy requirements is the doctrine of standing. *Danvers Motor Co.*, 186 F. Supp. 2d. at 535.

To show Article III standing, Plaintiff bears the burden of establishing the following: (1) "an injury-in-fact," (2) "a causal connection between the injury and the conduct complained of;" and (3) a likelihood "that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To satisfy the first element, Plaintiff must be himself "among the injured," *id.* at 563, and show that the injury is "concrete, particularized, and actual or imminent[.]" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

Here, the gravamen of Plaintiff's claims rely upon the alleged harm that Plaintiff's mother, Sally DiNoia ("Mrs. DiNoia"), suffered as a result of Defendants' actions. (*See generally* Compl., ECF No. 1.) The Complaint alleges that from March 2015 to December 2015, Defendants Hein and Cecchini, who are representatives of Defendant Sussex County Adult Protective Services ("APS"), made numerous unannounced visits to the DiNoia home to conduct competency assessments of Mrs. DiNoia. (*Id.* ¶¶ 8-29.) The Complaint also alleges that Defendants' actions "defamed [Plaintiff], compromised his credibility, and caused him mental anguish." (*Id.* ¶ 8.) Further, the Complaint alleges that Plaintiff repeatedly "asked for access to or copies of APS regulations," which unjustly taxed Plaintiff's time. (*Id.* ¶¶ 17, 20, 26.)

On November 30, 2016, Mrs. DiNoia, who was a named plaintiff in the instant suit, entered into a Stipulation of Dismissal against all Defendants. (ECF No. 23.) On August 15, 2017, Defendants filed their Motion for Summary Judgment. (ECF No. 46.)[2]

Because Mrs. DiNoia dismissed her claims, they are no longer viable. Thus, Plaintiff does not have standing to bring suit based on any alleged harm that Mrs. DiNoia suffered as a result of Defendants' actions. *See Sec'y of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984) ([Plaintiff] "cannot rest his claim to relief on the legal rights or interests of third parties."). Plaintiff's claims, as they relate to injuries suffered by Mrs. DiNoia, are dismissed.

C. 42 U.S.C. § 1983 Claim

To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, Plaintiff must prove that he "received different treatment than other similarly situated persons and that the disparate treatment was based on [his] protected class status." *Kasper v. Cty. of Bucks*, 514 F. App'x 210, 214 (3d Cir. 2013) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir. 1990)). Here, Plaintiff alleges that the basis for his equal protection challenge is that he had "great difficulty" obtaining the APS regulations. (Pl.'s Dep. 34:16-35:9, ECF No. 46-15.) Plaintiff does not allege that similarly-situated persons (i.e., other persons seeking copies of APS regulations) were treated differently than Plaintiff. Nor does he allege that he was treated differently because he is a member of a protected class. Indeed, the record is devoid of any facts that would support a claim for § 1983 liability based on a violation of the Equal Protection Clause. Therefore, Plaintiff's equal protection claim is dismissed.

D. Immunity

Under the New Jersey Adult Protective Services Act, "[a] county adult protective services provider and its employees are immune from criminal and civil liability when acting in the performance of their official duties, unless their conduct is outside the scope of their employment, or constitutes a crime, actual fraud, actual malice, or willful misconduct." N.J. Stat. Ann. § 52:27D-409(e). Here, there is no dispute that Defendants Hein and Cecchini were

---

[2] On October 4, 2017, Plaintiff filed a partial opposition, and Defendants timely replied on October 30, 2017. (ECF Nos. 50-4, 54.)

acting in their official duties as representatives of Defendant APS when they visited the DiNoia home to investigate the welfare of Mrs. DiNoia. (*See generally* Defs.' Statement of Undisputed Material Facts, ECF No. 46-1.) There are no facts in the record to establish that Defendants Hein and Cecchini's conduct toward Plaintiff was criminal or fraudulent. Moreover, because there are no allegations that Defendants APS, Sussex County Division of Social Services or its Director, Novrit, acted outside the scope of their employment, all Defendants are immune from civil liability under § 52:27D-409(e). Thus, Plaintiff's claims are dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**. An appropriate Order follows.

    /s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J


Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.